USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MUSCI and VICTOR MERCADO, *as Trustees for the John Peter Musci Trust, as Owner and Real Party in Interest of Amerifreight LLC*,

Plaintiffs,

-v-

ROSENBAUM & ROSENBAUM, P.C., et al.,

Defendants.

26-cv-5049 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs John Musci and Victor Mercado are self-represented and are not attorneys admitted to the bar of this Court. They bring this action individually as "Trustees for the John Peter Musci Trust, as Owner and Real Party in Interest of Amerifreight LLC." Dkt. No. 1. On September 23, 2026, the Court issued an order to show cause ("OSC") why this action should not be dismissed without prejudice to the extent that it is brought on behalf of the John Peter Musci Trust (the "Trust"). Dkt. No. 24. Plaintiffs filed a letter brief in response to the OSC on October 5, 2026. Dkt. No. 26. Defendants filed a letter brief on October 9, 2026. Dkt. No. 27. Plaintiffs filed a reply brief in response to Defendants' submission on October 12, 2026. Dkt. No. 29. For the following reasons, the Court dismisses the action without prejudice to renewal.

As the Court previously explained, Section 1654 of Title 28 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "This provision has been interpreted to allow for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory

body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (quoting *Turner v. Am. Bar Ass'n,* 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n,* 542 F.2d 56 (8th Cir. 1976)); *see also U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (unlicensed layperson may not represent a corporation of which he is sole shareholder, a partnership of which he is partner, or a limited liability company of which he is the sole member). Applying these principles, courts in this District have held that "a nonlawyer trustee cannot bring claims on behalf of a trust." *Kelly v. Barclays Cap., Inc.*, 2026 WL 1745788, at *2 (S.D.N.Y. June 17, 2026) (quoting *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank, Nat'l Ass'n*, 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024)); *see also Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *Advanced Mining Sys. v. Lutin*, 1995 WL 92309, at *1 (S.D.N.Y. Mar. 7, 1995) ("Where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust.").

Plaintiffs raise three arguments to evade the force of the foregoing law, arguing that certain authority supersedes the cases cited above.[1] First, Plaintiffs contend that requiring trustees to retain counsel is incompatible with their capacity to sue under their own names

---

[1] The collective thrust of Plaintiffs' arguments is that judicial decisions that seemingly deviate from Plaintiffs' reading of the relevant authority set forth in 28 U.S.C. § 1654, Federal Rule of Civil Procedure 17, and the Constitution are trumped by those sources of law. *See, e.g.*, Dkt. No. 26 at 2 (contending that the Court's "Order to Show Cause cites localized district court decisions" that "conflict[] with codified, mandatory text" of various provisions of law). As will be explained herein, there are no conflicts between the relevant sources of law and the judicial decisions interpreting said sources. The Court's cited decisions reaffirm and apply longstanding principles to specific contexts to build out what the law means and requires.

pursuant to Federal Rule of Civil Procedure 17(a)(1)(E). Dkt. No. 26 at 2–4; *see also* Dkt. No. 29 at 1–2. Rule 17(a)(1)(E) states: "An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: . . . a trustee of an express trust." Fed. R. Civ. P. 17(a)(1)(E). Plaintiffs' contention is misguided because there is no irreconcilability. Rule 17 does not bear on whether or not the real party in interest is required to retain counsel to pursue an action—only which party can proceed as a named plaintiff in federal court. "Though Rule 17 allows a trustee to sue in his own name, it does not allow him to represent the interests of the trust as a non-attorney." *Brookins v. Figuccio*, 2023 WL 6442940, at *1 (E.D.N.Y. Sept. 29, 2023). In other words, Plaintiffs are permitted to be listed as plaintiffs on this lawsuit and pursue claims as trustees, but they are not permitted to do so on a self-represented basis. Rule 17 and Section 1654 work harmoniously in support of that principle. As the Second Circuit has explained, where individuals choose "to accept the advantages of [entity status]," they must then "bear the burdens of that [status]," including the requirement that an attorney must represent the trust or trustee's legal claims. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quoting *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y.), *aff'd*, 508 F.2d 837 (2d Cir. 1974) (mem.)). Judge Castel in *Bell* explained further that

> [t]he rule in *Jones* that the bar on a non-lawyer's representation of the artificial entity may not be circumvented by assignment to a natural person ought to apply with equal force to an assignment by a trust. Trusts are artificial creatures of state law and often represent a bundle of rights and obligations of the grantor, the trustee and the beneficiaries.

*Bell*, 486 F. Supp. 2d at 259. The reasons for this bar are manifold and have been repeated by various courts. Put simply, "the conduct of litigation by a nonlawyer creates burdens not only for the party he represents but as well as for his adversaries and the court" in the form of "pleadings that are awkwardly drafted, motions that are inarticulately presented, [and]

proceedings that are needlessly multiplicative"; moreover, a "lay litigant lacks many of the attorney's ethical responsibilities." *Jones*, 722 F.2d at 22. The Supreme Court's decision in *Sprint Communications Co., L.P. v. APCC Services, Inc.* is not to the contrary. 554 U.S. 269 (2008). That decision resolved a question of Article III standing, *i.e.*, whether a party to whom monetary claims have been assigned can properly litigate the claims as a named plaintiff in federal court. That is a separate question from whether the party can proceed on a self-represented basis, which the Supreme Court did not address.[2] *Id.* at 285–86.

Second, Plaintiffs contend that the Trust wholly owns Amerifreight LLC, which is a "single-member asset of the trust estate corpus," so there is no "third party risk" that ordinarily counsels against "lay representation." Dkt. No. 26 at 6; *id.* at 4 (describing Amerifreight LLC as the "co-plaintiff business asset"); *see also* Dkt. No. 29 at 2–5. Even assuming that Plaintiffs could proceed as self-represented trustees, they have failed to point to any authority that controverts the Second Circuit's holding that laypersons may not represent an LLC in a court of law. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Plaintiffs rely heavily on *Guest v. Hansen*, 603 F.3d 15 (2d Cir. 2010). There, the Second Circuit held "that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." *Guest*, 603 F.3d at 21. Accordingly, *Guest* was limited to the administration or execution of an estate—not a trust nor a trust's business asset. Still, even the most generous reading of *Guest*, for Plaintiffs' purposes, would be that an artificial entity that has a "sole beneficiary" may proceed

[2] Both Article III standing and proceeding with counsel would be necessary for Plaintiffs to continue pursuing their claims as trustees in federal court. The satisfaction of one condition does not relieve Plaintiffs of their obligation to satisfy the other. The same principle applies to Federal Rule of Civil Procedure 11(a), which requires that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." *See* Dkt. No. 29 at 1–2. That Rule does not resolve when a party can proceed in federal court on a self-represented basis.

on a *pro se* basis. Even under that test, Plaintiffs would be unable to prevail. Both John Musci and Victor Mercado are appearing on behalf of the Trust, so neither can be "the only party affected by the disposition of the suit" and, thus, neither is "appearing solely on his own behalf" in satisfaction of *Guest*'s limited carveout. *Id.*

Third, Plaintiffs make a constitutional argument, invoking the Supremacy Clause and the Fifth Amendment's Due Process Clause, that any attempt to restrict Plaintiffs' right to sue as self-represented trustees "exceeds the scope of the Court's constitutional authority." Dkt. No. 26 at 7–9. In particular, Plaintiffs contend that there is a "local judicial policy" requiring nonlawyer trustees to maintain counsel to pursue actions that would "transform[] an absolute constitutional right to self-representation into a restricted commercial privilege that can only be accessed by hiring a member of a private bar association." *Id.* at 9. Plaintiffs have not pointed to any cognizable fundamental right or property interest that is burdened by the requirements of 28 U.S.C. § 1654. Plaintiffs are free to proceed on a self-represented basis to represent their own claims—they are not permitted to represent others, including the Trust, without counsel. The Trust may pursue whatever claims it wishes once it retains counsel, and Plaintiffs may remain the named plaintiffs on this lawsuit. To the extent Plaintiffs argue that having to pay a lawyer for a civil lawsuit infringes the Constitution, that claim has been rejected by the Supreme Court. *See Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981) (under the Due Process Clause, "an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation").

Because none of Plaintiffs' arguments prevail, the appropriate disposition when a claim is brought by a nonlawyer on behalf of a trust is dismissal without prejudice to refiling via counsel. *See Nasledie Davudova Express Tr.*, 2024 WL 4769687, at *2–3. Accordingly, the case is

DISMISSED without prejudice but without leave to amend. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 16, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge